UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY S. HADDOX,

    Plaintiff,                                            Case No. 8:22-cv-00247

v.

IQ DATA INTERNATIONAL, INC.,

    Defendant.
_____/

## COMPLAINT

**NOW COMES** BRITTANY S. HADDOX ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of IQ DATA INTERNATIONAL, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") *et seq*. and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida, and Defendant maintains significant business contacts in the Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age, who at all times relevant resided in the Middle District of Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by to Florida Statute §559.55(8).

8. Defendant is a third-party debt collector with its principal office located at 21222 30th Drive SE Suite 120 Bothell, Washington, 98021.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of

defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "consumer collection agency" as defined by Florida Statute §559.55(3)

## FACTS SUPPORTING CAUSES OF ACTION

11. Prior to events giving rise, Plaintiff was a resident of Oak Run Apartments ("subject debt").

12. Unfortunately, Plaintiff began experiencing financial hardship and accrued an outstanding balance to Oak Run Apartments totaling $1,715.85.

13. Subsequently thereafter, Defendant acquired the rights to collect the subject debt.

14. Plaintiff is a single mother looking to improve her credit rating, when she noticed a collection account reporting negatively by Defendant on her credit report.

15. On or around January 2022, Plaintiff placed an outgoing telephone call to Defendant in hopes of completing a settlement and removing the negative trade line from her credit report.

16. During the telephone call Plaintiff spoke with Defendant's representative Jesse Smith ("Mr. Smith").

17. Mr. Smith informed Plaintiff that balance had grown due to the interest on the subject debt.

18. Plaintiff offered to settle the subject debt for nearly half of the total amount and requested that trade line would be removed from the credit report.

19. Unfortunately, Plaintiff's settlement offer was rejected by Mr. Smith who stipulated that the only way to remove the trade line from her credit report was to pay the subject debt in full.

20. Plaintiff explained that she would not be able to afford the balance of the subject debt.

21. Mr. Smith went on to further state that if Plaintiff was refusing its deletion offer and stated she cannot ever afford the balance then he would mark their internal records as Plaintiff refusing to pay subject debt.

22. Furthermore, Mr. Smith stated that if Plaintiff's subject debt was marked as a refusal to pay then the account would be pushed up for additional action to be taken against Plaintiff for collections.

23. Plaintiff explained that she was not refusing to pay the subject debt, but could not afford to pay the full amount.

24. Sadly, Mr. Smith continued to harass Plaintiff for payment by detailing his review of Plaintiff's financial records and assumed that Plaintiff was not in any

financial hardship and requested Plaintiff obtain a predatory high interest rate loan to pay off the subject debt.

25. Plaintiff was shocked by Mr. Smith's assumptions and explained that she was a single mother who could not afford the subject debt, another loan or afford to pay this balance off within a years' time.

26. Without missing a beat, Mr. Smith continued to belittle Plaintiff and stated that there are a lot of single mothers in collections, but that does not mean it should take a year to pay off the remaining balance of the subject debt.

27. Defendant's representative used unconscionable language in hopes to shame and take advantage of Plaintiff's financial trouble in order to collect the subject debt.

28. Frustrated over Defendant's conduct, Plaintiff sought legal counsel regarding her rights, with the hope of ending the harassing attacks and unfair practices by Defendant.

## DAMAGES

29. Defendant's harassment severely disrupted Plaintiff's daily life and general well-being

30. Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy,

nuisance, wasting Plaintiff's time, aggravation, emotional distress, mental anguish, anxiety, and loss of concentration.

31. In addition, Plaintiff has expended time consulting with his attorneys as a result of Defendant's harassing collection efforts.

32. Concerned about the violations of her rights Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

33. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

34. The alleged subject debts are "debts" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

35. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

36. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debts after it was allegedly in default. 15 U.S.C. §1692a(6).

37. Defendant used the telephone to attempt to collect the subject debts and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

6

38. Defendant violated 15 U.S.C. §1692d, d(2) and f through its unlawful debt collection practices.

### a. Violations of FDCPA §1692d

39. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct during the January 2022 telephone call.

40. Defendant violated §1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader. Specifically, Defendant's representative, Mr. Smith, belittled and used abusive language in order to shame Plaintiff into paying the subject debt.

### b. Violations of FDCPA §1692f

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on subject debt by harassing Plaintiff's financial and status as a single mother.

42. Moreover, Defendant had been told by Plaintiff she could not afford the subject debt but instead of addressing Plaintiff's concerns Defendant and Mr. Smith ignored Plaintiff's financial troubles as a single mother and used unconscionable language to collect on the subject debt.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts in an unconscionable manner.

**WHEREFORE**, Plaintiff, BRITTANY S. HADDOX, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Enjoin Defendant from continuing to contact Plaintiff;

   c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

   e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

44. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

45. At all times relevant to this action, Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

46. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

47. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute §559.55(6).

### a. Violations of FCCPA §559.72(8)

48. A person violates section 559.72(8) of the FCCPA when it willfully uses profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

49. Defendant violated section 559.72(8) of the FCCPA when it accosted Plaintiff's financial means and status as a single mother. Specifically, Defendant used offensive language stating that it not matter Plaintiff's financial means or that she was a single mother that she could and still needed to pay the subject debt.

50. Defendant's actions were insensitive to Plaintiff's current situation and shows no concern or care to the consumers they service.

**WHEREFORE**, Plaintiff, BRITTANY S. HADDOX, requests that this Honorable Court:

  a. Enter judgment in Plaintiff's favor and against Defendant;
  b. Enjoin Defendant from further communicating with Plaintiff;
  c. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
  d. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    e. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

    f. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

    g. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 31, 2022

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com