UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY S. HADDOX,

    Plaintiff,

v.                                                                      Case No: 8:22-cv-0247-KKM-SPF

IQ DATA INTERNATIONAL, INC.,

    Defendant.
_____

## ORDER

Plaintiff Brittany Haddox moves to file an amended complaint to ensure her pleading "strictly conform[s]" with the facts. (Doc. 23 at 3.) Her problem arises with the timing. She waited nearly three months after the amendment deadline and long after she learned the facts to which she desires to "conform" the pleading to match. Because Plaintiff has not established good cause for her delay under Rule 16, her motion to amend is denied.

The deadline to amend the pleadings was April 15, 2022. (Doc. 14.) Plaintiff filed her motion to amend on July 11, 2022—nearly three months after the deadline. (Doc. 23.) As such, Plaintiff must show good cause to modify the scheduling order under Rule 16. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)

(per curiam) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

Here, Defendant emailed Haddox's counsel the recorded telephone call—the key piece of evidence underlying this dispute—on March 25, 2022. (Doc. 28-1.) Even crediting her counsel's representation that he did not see this initial email, (Doc. 23 at 2), on April 1 and on April 12, Defendant sent its initial disclosures and its Rule 11 motion to Haddox, both referring to the phone call and thus putting Haddox on notice before the amendment deadline. (Doc. 28-2; Doc. 28-3.) And Haddox's counsel acknowledged receipt of the telephone call on May 1, 2022, after Defendant again sent the call via a Dropbox link. (Doc. 28-4.) Despite this, Haddox waited over two more months to seek amendment, which does not constitute diligence in any sense of the term.

Haddox does not offer any substantial explanation for this lengthy delay in her motion outside of making a reference to the ongoing settlement negotiations between the parties during this period. (Doc. 23 at 3.) In the absence of good cause, Haddox fails to

2

meet Rule 16's standard for modifying the scheduling order. Thus, the Court need not consider whether amendment is proper under Rule 15. *See Sosa*, 133 F.3d at 1419.

Accordingly, the following is **ORDERED**:

1. Plaintiff's Motion for Leave to Amend Complaint (Doc. 23) is **DENIED**.

2. By **August 5, 2022**, the Court directs Plaintiff to respond to Defendant's Motion for Sanctions. (Doc. 25.)

**ORDERED** in Tampa, Florida, on July 29, 2022.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge